# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2022-2356
_____

SHAWN MARTESE GULLEY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Jennie Kinsey, Judge.

February 28, 2024

PER CURIAM.

AFFIRMED. *See Edenfield v. State*, 1D22-290, 2023 WL 3734459, \*3–4 (Fla. 1st DCA May 31, 2022) (rejecting the argument that Florida's statute prohibiting felons from possessing firearms is unconstitutional under *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022)), *review denied*, No. SC2023-1106, 2023 WL 8710101 (Fla. Dec. 18, 2023).

NORDBY, J., concurs; BILBREY, J., concurs with opinion; TANENBAUM, J., concurs in result with opinion.

―――――――――――――――――

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

―――――――――――――――――

BILBREY, J., concurring.

We are correct to affirm Appellant's conviction for possession of a firearm by a convicted felon based on *Edenfield v. State*, 48 Fla. L. Weekly D1113, 2023 WL 3734459 (Fla. 1st DCA May 31, 2023). Like Edenfield, Appellant had previous convictions for violent felonies before he possessed the firearm in this case.

In his concurrence Judge Tanenbaum argues, citing *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), that the opinion in *Edenfield* "unnecessarily pursues an inapplicable *Bruen* analysis." He may be correct, but until the United States Supreme Court provides more clarity on the issue, the law is unsettled. At least one federal court of appeals has held the "references to 'law-abiding, responsible citizens'" in *Bruen* and previous United States Supreme Court cases "were dicta." *Range v. Attorney General United States of America*, 69 F.4th 96, 101 (3d Cir. 2023) (en banc). Two judges in *Simpson v. State*, 368 So. 3d 513, 524 (Fla. 5th DCA 2023) (Pratt, J., concurring, joined by Jay, J.), also considered this language from *Bruen* and previous cases to be dicta.

The court in *Edenfield* refused to adopt the holding in *Range*. 48 Fla. L. Weekly D1533, 2023 WL 4924150 (Aug. 2, 2023) (on amended motion for rehearing, rehearing en banc, and certification of a question of great public importance). But the United States Supreme Court may conclude in the future, like the court in *Range* and Judge Pratt's concurrence in *Simpson*, that *Bruen*'s analysis must be applied to all persons claiming a violation of the right to keep and bear arms. *See Bruen*, 597 U.S. at 19 ("[T]he government must affirmatively prove that its firearms regulation is part of the historical traditions that delimits the

outer bounds of the right to keep and bear arms."). So until the courts get clarity, even if a defendant is not a law-abiding, responsible citizen, Florida trial and appellate courts are correct to conduct the historical traditions analysis provided by *Bruen* in considering whether a law conflicts with the right to keep and bear arms.

TANENBAUM, J., concurring in result.

Shawn Gulley is a convicted felon. On review in this appeal is a judgment of conviction for his possessing a firearm while in that status, in violation of section 790.23(1)(a), Florida Statutes. His only defense here is that the statute is facially unconstitutional because of the U.S. Supreme Court's holding in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). According to Gulley, *Bruen* gives him a right under the Second and Fourteenth Amendments to possess a firearm as a citizen of the United States.

The Supreme Court, however, has rejected this position, in passing, at least thrice—instead, limiting the scope of the Second Amendment's protection to "law-abiding citizens." *See Bruen*, 597 U.S. at 24, 31–32 (applying the Second Amendment's presumptive protection to conduct of "ordinary, *law-abiding*, adult citizens" (emphasis supplied)); *Id.* at 8–10 (noting the Court's recognition in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. Chicago*, 561 U.S. 742 (2010), "that the Second and Fourteenth Amendments protect the right of an ordinary, *law-abiding* citizen to possess a handgun in the home for self-defense" and holding "consistent with *Heller* and *McDonald*, that the Second and Fourteenth Amendments protect [that same] individual's right to carry a handgun for self-defense *outside the home*" (emphasis supplied)); *Id.* at 15, 31–32 (highlighting that the petitioners "are *law-abiding*, adult citizens" (emphasis supplied)); *Id.* at 29 ("While we do not now provide an exhaustive survey of the features that render regulations relevantly similar under the Second Amendment, we do think that *Heller* and *McDonald* point toward at least two metrics: how and why the regulations burden a *law-abiding* citizen's right to armed self-defense." (emphasis supplied)); *Heller*, 554 U.S. at 626–27, n.26 (noting as part of its analysis of the Second Amendment that "nothing in our opinion

3

should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons," which it characterized as "presumptively lawful regulatory measures"); *Id.* at 625 ("We therefore read *Miller* to say only that the Second Amendment does not protect those weapons not typically possessed by *law-abiding citizens* for lawful purposes, such as short-barreled shotguns." (emphasis supplied)); *Id.* at 635 (noting that the Second Amendment "surely elevates above all other interests the right of *law-abiding, responsible citizens* to use arms in defense of hearth and home" (emphasis supplied)); *McDonald*, 561 U.S. at 786 (plurality) ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons and the mentally ill . . . . We repeat those assurances here." (internal quotation and citation omitted)); *cf. Bruen*, 597 U.S. at 80–81 (Kavanaugh, J., concurring) (highlighting point that Supreme Court made in *Heller* and *McDonald* that the Second Amendment does not reach prohibitions against convicted felons possessing firearms).

Gulley, then, cannot claim that section 790.23(1)(a) deprives felons of a fundamental liberty interest without due process—the liberty to possess firearms (*à la* the so-called "substantive due process" analysis)—because, as the Supreme Court repeatedly has recognized, only *law-abiding* citizens have that liberty under the Second Amendment. A convicted felon like Gulley, by definition, is not a "law-abiding citizen." *See Hawker v. People of New York*, 170 U.S. 189, 196 (1898) (explaining that a criminal "conviction is, as between the state and the defendant, an adjudication of the fact" that the defendant is "lacking in good moral character" and operates as a "conclusive adjudication of the fact that the man has violated the criminal law, and is presumptively, therefore, a man of such bad character as to render it unsafe to trust the lives and health of citizens to his care"). That is, upon being convicted of a felony, a citizen's legal status changes.

With this adjudicated change in status, the citizen automatically loses several liberties—through disqualification as a law-breaker—including the liberty to possess a firearm, but only *after* being afforded due process. *Cf. Lewis v. United States*, 445 U.S. 55, 60–61 (1980) (characterizing felon-in-possession statute

as "impos[ing] a firearm disability [on convicted felons as class of persons] until the conviction is vacated or the felon is relieved of his disability by some affirmative action, such as a qualifying pardon or a consent from the Secretary of the Treasury"); *Id.* at 66 ("This Court has recognized repeatedly that a legislature constitutionally may prohibit a convicted felon from engaging in activities far more fundamental than the possession of a firearm."); *De Veau v. Braisted*, 363 U.S. 144, 158–60 (1960) (cataloging various civil "disqualification[s] of convicted felons").

I in turn agree with Judge Long that "*Heller*, *McDonald*, and *Bruen* expressly permit" the prohibition found in section 790.23(1)(a). *Edenfield v. State*, Case No. 2022-290, 48 Fla. L. Weekly D1113, 2023 WL 3734459, \*4 (Fla. 1st DCA May 31, 2023), *reh'g denied,* 48 Fla. L. Weekly D1533 (Fla. 1st DCA Aug. 2, 2023), and *rev. denied,* SC2023-1106, 2023 WL 8710101 (Fla. Dec. 18, 2023) (Long, J., concurring). We should affirm on the authority of those Supreme Court decisions, rather than on *Edenfield*, which unnecessarily pursues an inapplicable *Bruen* analysis to reach the same conclusion. *See id.* (Long, J., concurring) ("Because the Supreme Court's decisions clearly answer the constitutional challenge presented, we should affirm and need not say more.").

—————————————————

Jessica J. Yeary, Public Defender, and Tyler Kemper Payne, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Michael L. Schaub, Assistant Attorney General, Tallahassee, for Appellee.